**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-4443**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENDRICK BAHAM,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (2:06-cr-00001-F)

─────────────

Submitted:  January 4, 2007         Decided:  January 30, 2007

─────────────

Before WILKINS, Chief Judge, and WILLIAMS and KING, Circuit Judges.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Vidalia Patterson, Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendrick Baham appeals his sentence of 60 months' imprisonment for escaping from an institutional facility in which he was lawfully confined for a felony conviction, in violation of 18 U.S.C.A. § 751(a) (West 2000 & Supp. 2006). Baham contends that the district court imposed an unreasonable sentence when it varied upwardly from the advisory guidelines range. Because the district court did not follow the required procedure for imposing a variance sentence, we vacate Baham's sentence and remand for resentencing.

I.

The facts of this case are undisputed. On August 18, 2005, Baham was sentenced to 120 months' imprisonment after pleading guilty to possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c)(1)(A)(iii) (West 2000 & Supp. 2006). He was housed at the Washington County Jail in Plymouth, North Carolina while awaiting transfer to a federal correctional facility.

Baham and another inmate escaped from the Washington County Jail on October 6, 2005. The escapees used a piece of metal from a vent to cut through a sheetrock wall and remove a steel plate covering a window. They then used a loose brick from the wall to break the window and lowered themselves three stories to the ground

2

with a rope made of bed sheets. Baham was arrested without incident on October 7, 2005.

As a result of the escape, Baham was charged in a one-count indictment with escaping from an institutional facility in which he was lawfully confined for a felony conviction, in violation of 18 U.S.C.A. § 751(a). He pleaded guilty to the charge on April 10, 2006.

At sentencing, the district court adopted the findings of the presentence report (PSR). The PSR computed Baham's total offense level at 15. Baham had 15 criminal history points, which placed him in criminal history category VI. The offense level of 15 and criminal history category of VI resulted in an advisory guidelines range of 41 to 51 months' imprisonment. The PSR noted that the court might wish to consider an upward departure pursuant to U.S. Sentencing Guidelines Manual § 4A1.3 (2005) on the basis that the extent and nature of the defendant's past criminal history resulted in a criminal history category that underrepresented the seriousness of his criminal history and the likelihood that he would commit future crimes.

During the sentencing hearing, Baham's counsel argued for a sentence at the low end of the advisory guidelines range, while the Government recommended a sentence at the high end of the range. The district court, however, exercised its discretion to impose a

variance sentence of 60 months' imprisonment.[1] The district court emphasized the seriousness of Baham's criminal history, which included "shooting at a law enforcement officer" and wounding the driver of the car in which Baham had been riding. (J.A. at 34.) The district court indicated that it had considered the advisory guidelines range, the other relevant factors set forth in the Guidelines, and the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). It found that the advisory guidelines range did "not adequately reflect the seriousness of [Baham's] present conduct, his past criminal conduct, his history of similar misconduct or the likelihood that [he would] commit future crimes." (J.A. at 35.) Accordingly, the district court found that "a more lengthy period of incarceration would meet the sentencing objectives of deterrence, rehabilitation, just punishment and incapacitation." (J.A. at 35-36.) The district court offered no further explanation as to why a 60 month sentence better served the objectives of sentencing, nor did the court consider a traditional departure based on Guideline § 4A1.3.

Baham timely noted an appeal to this court. We have jurisdiction pursuant to 18 U.S.C.A. § 3742 (West 2000 & Supp. 2006) and 28 U.S.C.A. § 1291 (West 2006).

---

[1]The district court also imposed a three-year term of supervised release and ordered Baham to pay the Washington County Jail $3,400 in restitution.

II.

We review the sentence imposed for reasonableness.  United States v. Booker, 543 U.S. 220, 261 (2005).  In determining whether a sentence is reasonable, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

Post-Booker, a sentencing court must engage in a multi-step process that begins with correctly determining the defendant's guideline range.  United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006).  "Next, the court must determine whether a sentence within that range . . . serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors."  Id. (alterations in original) (internal quotation marks omitted).  "In doing so, the district court should first look to whether a departure is appropriate based on the Guidelines Manual or relevant case law."  Id.  If it is appropriate, the court may depart; if the "departure range still does not serve the factors set forth in § 3553(a), the court may then elect to impose a non-guideline sentence (a 'variance sentence')."  Id.  As part of this process, "[t]he district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the guideline range." Id.

A district court's mandate "is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)(2)." United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006) (internal quotation marks omitted). "Reasonableness is the appellate standard of review in judging whether a district court has accomplished its task." Id. (emphasis in original) (internal quotation marks omitted). Ultimately,

> [T]he overarching standard of review for unreasonableness will not depend on whether we agree with the particular sentence selected, but whether the sentence was selected pursuant to a reasoned process in accordance with law, in which the court did not give excessive weight to any relevant factor, and which effected a fair and just result in light of the relevant facts and law.

United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006) (internal citation omitted). Thus, reasonableness review involves both procedural and substantive components. Moreland, 437 F.3d at 434. A sentence will be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons. Id.

Baham argues that his sentence is both procedurally and substantively unreasonable. He contends that (1) the district court offered an inadequate statement of reasons and erred by not first considering a departure under the Guidelines before imposing a variance sentence and (2) that the record does not support the district court's finding that a variance was warranted because Baham's criminal history category substantially underrepresented

6

the seriousness of his criminal history or the likelihood that he would commit future crimes.  Because we agree (and the Government concedes) that the district court did not follow the required procedure for imposing a variance sentence, we need not address Baham's second argument.

The Government concedes that the district court erred "by not stating why it chose the particular sentence, or why a departure sentence was not appropriate."  (Appellee's Br. at 16.)  The Government argues, however, that Baham failed to object to the court's "use of the variance analysis" at sentencing, and that his challenge to the procedure employed by the district court is therefore reviewable only for plain error, not for reasonableness. (Appellee's Br. at 14.)[2]  We disagree.  Baham adequately preserved the issue for appeal by arguing that a sentence above the low end of the advisory guidelines range was unwarranted.  See United States v. Curry, 461 F.3d 452, 459 (4th Cir. 2006) ("The government preserved its objection to the sentence by vigorously arguing for a sentence within the Guidelines range throughout the sentencing hearing."); Fed. R. Crim. P. 51(b) ("A party may preserve a claim

_____

[2]Under the plain error standard of review, the defendant bears the burden of making a threshold showing that (1) there was an error; (2) the error was plain; and (3) the error affected his substantial rights.  United States v. Olano, 507 U.S. 725, 731-32 (1993).  If the defendant makes such a showing, we may exercise our discretion to correct the error, but should exercise that discretion only if failure to correct the error would seriously affect the fairness, integrity, or public reputation of the proceedings.  Id. at 732.

7

of error by informing the court – when the court ruling or order is made or sought - of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection.").

Guideline § 4A1.3 provides for a standard upward departure if "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. The district court, however, did not consider a departure under Guideline § 4A1.3 or explain why departing under the Guidelines would prove inadequate. Baham's sentence comes within a guideline range that is two levels above the level that corresponds to his advisory guidelines range. The Government argues that any error is essentially harmless, because the district court's imposition of a 60 month sentence demonstrates that it found that a sentence within the range immediately above Baham's calculated advisory guidelines range would be inadequate. The record, however, contains no information indicating that the district court in fact considered a sentence within the lower range and no explanation of why such a sentence would be inappropriate. See United States v. Cash, 983 F.2d 558, 561 (4th Cir. 1992) ("In determining the extent of a departure based on inadequacy of criminal history above Criminal History Category VI, the court should move to successively higher categories only upon finding

8

that the prior category does not provide a sentence that adequately reflects the seriousness of the defendant's criminal conduct."). Accordingly, we conclude that Baham's sentence was unreasonable.

## III.

In sum, we conclude that the district court erred by not considering whether a departure under the Guidelines was appropriate before imposing a 60 month variance sentence. Accordingly, we vacate Baham's sentence and remand for resentencing.

<u>VACATED AND REMANDED</u>

9