**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4514**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENDRICK BAHAM,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (2:06-cr-00001-F)

_____

Submitted:  November 14, 2007        Decided:  December 11, 2007

_____

Before WILLIAMS, Chief Judge, KING, Circuit Judge, and WILKINS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendrick Baham appeals the district court's decision to impose a upward departure from the advisory sentencing guidelines based on the finding that his past criminal conduct was not reflected in his criminal history category. Finding no error, we affirm.

Baham was convicted of escaping from an institutional facility in which he was lawfully confined for a felony conviction. At his initial sentencing, the district court imposed a sentence greater than suggested by the advisory sentencing guidelines. This court found that the district court erred by not first considering an upward departure under U.S. Sentencing Guidelines Manual § 4A1.3 (2005). We further found the record failed to show that the district court considered a sentence within a lower range of imprisonment or why such a sentence was inappropriate. Because the court did not consider the appropriateness of an upward departure under the guidelines, the sentence was vacated and remanded for resentencing. United States v. Baham, No. 06-4443, 2007 WL 313298 (4th Cir. Jan. 30, 2007) (unpublished).

This court will affirm the sentence imposed by the district court as long as it is within the statutorily prescribed range and reasonable. "Reasonableness review involves both procedural and substantive components. A sentence may be procedurally unreasonable, for example, if the district court

provides an inadequate statement of reasons or fails to make a necessary factual finding.  A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." United States v. Moreland, 437 F.3d 424, 434 (4th Cir.) (internal citations omitted), cert. denied, 126 S. Ct. 2054 (2006).

At resentencing, the district court followed proper sentencing procedures by:  (1) calculating the guideline range; (2) determining whether a sentence within that range serves the factors under § 3553(a); (3) implementing mandatory statutory limitations; and (4) explaining its reasons for selecting the sentence, especially a sentence outside the advisory range. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).  After determining that a sentence within the guidelines was not appropriate because of Baham's prior criminal conduct, the court considered whether a departure is appropriate based on the guidelines or relevant case law.  Moreland, 437 F.3d at 432.  A district court may depart upward from the guidelines range under USSG § 4A1.3 when "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."  USSG § 4A1.3(a)(1).  The guideline further directs that "[i]n a case in which the court determines that the extent and nature of the defendant's criminal history,

taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." USSG § 4A1.3(a)(4)(B). Commentary to the guideline states that, "[i]n determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." USSG § 4A1.3, comment. (n.2(B)). The guidelines specifically provide that the court may consider "[p]rior similar adult criminal conduct not resulting a criminal conviction." USSG § 4A1.3(a)(2)(E). The court may also rely on facts underlying prior arrests. United States v. Dixon, 318 F.3d 585, 591 (4th Cir. 2003). As part of this process, "[t]he district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the guideline range." Moreland, 437 F.3d at 432. This court must ask "whether the sentence was selected pursuant to a reasoned process in accordance with the law, in which the court did not give excessive weight to any relevant factor, and which effected a fair and just result in light of the relevant facts and law." Green, 436 F.3d at 457.

We find the district court's upward departure was reasonable. Given the circumstances, the court adequately explained its reasons for not ordering a sentence within a lower range of imprisonment.

Accordingly, we affirm Baham's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED